Thank you, Your Honor. For the record, may it please the Court, Anthony Blumstein appearing for Mr. Cooley on his appeal from the denial of habeas corpus relief. This case, Your Honor, which is free of procedural problems, challenges the Oregon Parole Board's denial of Mr. Cooley's release based on a lack of some evidence of a present severe emotional disturbance that was required to defer his release on parole. The record here, Your Honor, shows that the Oregon Parole Board lacked the specific substantive criteria necessary to prolong Mr. Cooley's incarceration. He's suffering from a narcissistic personality disorder. What else do you need? More. It has to be a present severe emotional disturbance. That's what that is. Your Honor, all diagnoses, I submit, are not created equal, and we know that from this Court's decision in Brown v. Palmentier, which I referenced earlier in the other argument. In Brown, this Court found that the petitioner Are you claiming that he has to be violent in order to be retained? What he has to have is a present severe diagnosis. That's the key. What is a narcissistic personality disorder? It is an emotional condition. It is a diagnosis, and it would suffice to defer his parole under the criteria that the legislature of Oregon adopted after 1993. Prior to 1993, the legislature necessitated a diagnosis, not a board finding, but a diagnosis of a present severe emotional disturbance, and what we can discern and what this record discloses is that the simple diagnosis of a narcissistic personality disorder that wasn't severe should have been deemed insufficient to detain him, and I say it was not severe for the following reasons, Your Honor. First of all, let me backtrack a second to the Brown case. There wasn't simply, just a diagnosis won't provide the predicate for denial of parole. In Brown, one of the board-appointed psychologists found that the petitioner suffered from depression, and the dissent said, well, there's a diagnosis here, so that was enough under state law to defer him, and the majority of this Court said that it was not, that the former criteria requires a present severe emotional disturbance, and the diagnosis contained in that psych report wasn't sufficient. Similar to Brown, even though that was an ex post facto case and we're dealing with the due process claim, there was not a severe personality disorder. It was a valid diagnosis of narcissistic personality disorder, but I point the Court's attention to the entire record where the psychologist who interviewed and evaluated Mr. Cooley found that he had completed treatment, that there was no clinical elevations in the MMPI, that overall his scores did not predict violent, future violence, that he had developing insight. Are you saying that is needed before somebody can be held and the parole denied that he has to be a violent person? That's the only test you're going to impose upon the state? It's a multi-part test, and it's as follows. That in order to defer parole, there must be a diagnosis, that's number one, of a present severe... Well, it depends upon the crime, doesn't it? Well... Does it depend upon the crime that the... Only in the sense that everyone in... The psychological makeup of the defendant. Only in the sense that everyone sentenced to prison and coming up for parole under Oregon's former indeterminate scheme... Every person is different, because the crimes are different. Well, it would apply to felons. Everyone there in the penitentiary is a felon, so to that extent, it depends on the crime. But for the current release decision, as opposed to the original sentencing decision, this is what the legislature said the board has to have before it. Okay, but in this case, what you're saying is that under the pre-1993 regime, are you saying that the diagnosis itself has to contain the diagnosis of present severe, or does it have to provide some evidence that justifies the board's conclusion that given the diagnosis of the narcissistic personality disorder, that he still constitutes a present and severe risk? I'm definitely not saying that the psychologist has to use magic words. He doesn't have to say the statutory language or any incantation in particular. Definitely not making that point. Counsel, apply Superintendent v. Hill to your analysis. What does that tell us? Superintendent v. Hill, although a deferential standard, still requires some evidence of a particular substantive predicate. And legislatures can define it in many different ways, consistent with constitutional standards. Nevada might have its criteria, and Arizona, other criteria. But before the board, excuse me, the legislature expanded the parole board's discretion and authority in 1993, the specific criteria here limited the board's discretion. So are we applying Oregon law or the AEDPA standard here? Well, the AEDPA would apply to how the state court ruled on his claim. And the question would be whether the circuit court's denial of the state habeas petition was objectively unreasonable on this record. And we submit that when you examine this parole record, this diagnosis, that that's an objectively unreasonable conclusion. There may be some basis for the board to look to indicia of severity, such as statements of the prisoner that, you know, having hallucinations or something like that, or some kind of very serious and... Well, let me paraphrase it for this case, as I understand it. The indication from the board is that he may have been in, say, remission, okay? But he did, in his report, identify that it was a risk of relapse, and that relapse would put him back into the circumstance that led to his underlying crime, which was, I think, a Ferguson concern. So is it enough if the psychologist identifies a risk of relapse, even if there's not a relapse, that if he maintains his present condition throughout the term of release, then everything would be fine? But if there's some risk that he might relapse, if I'm accurately capturing what maybe the board was trying to do, where do you come out on that? Well, I think that actually what the psychologist said didn't, in conjunction with the other findings and other diagnostic determinations, elevate to the diagnosis to severity. What the doctor said in terms of relapse was that he could fall back into prior family relationships. And I don't think that a psychologist board-appointed to evaluate someone's present emotional condition and their future dangerousness would have used that hedged language or qualified language if they were referring to the likelihood of reoffending directly. What he said was that there's a chance here that Mr. Cooley might, if he doesn't continue with treatment, return to former relationships. And the crime here was against a family member. But that type of very qualified language from a psychiatrist is not likely to, is not a basis to conclude that it was a present severe disturbance, that that somehow makes his narcissistic personality disturbance presently worse. What must, what must be shown in order for the board to, to, to not release him? Again, I would assert that it's just a straightforward application of No, tell me, tell me specifically. Yes, the fact that Did they have to show that he was violent? Would be violent? They have to show that there's, he presently is suffering from a severe emotional disturbance that would render him violent if released. That's what they have to establish, to show. Thank you, Your Honor. Thank you, Counsel. We'll hear from the State. May it please the Court, Carolyn Alexander for Respondent. The question in, in this case is whether the State Habeas Court's application of Superintendent B. Hill was contrary to or an unreasonable application. I think it's the unreasonable application that applies in this case. Hill says if there was any evidence, that's how some evidence is interpreted, any evidence for the board to find that Petitioner had a present severe emotional disturbance that constituted a danger to the community, it could defer parole. Now there's some confusion, apparently, about, again, about how Oregon parole law operates. Counsel correctly refers to Brown, and Brown said under Oregon State law the parole board must have a diagnosis before it can do anything else. So there has to be a diagnosis in the record before the board can proceed. In this, in Brown, there was not. There wasn't an adequate diagnosis under State law. In Petitioner's case, however, there is, as Judge Ferguson correctly points out, narcissistic personality disorder. Petitioner doesn't argue that that's an inadequate diagnosis under State law. It is an adequate diagnosis. Once that diagnosis is made by the psychologist or psychiatrist, the board under Widener v. Armenicus can then look at the entire record to make its finding of present severe emotional disturbance. The psychologist doesn't make it. It doesn't need to be contained in the psych eval. The board has the discretion then to look at the entire record. The entire record in this case included, of course, the psych eval and the psychologist's concern that Petitioner may fall into old relationships with family members again, which were his victims. But it also contained other information, such as a major rule violation, Petitioner's failure to take responsibility until recently for all of his crimes, and so on. And all of that evidence is detailed at pages 22 and 23 in the red brief. So the board was not bound by what was in that psychological evaluation once an adequate diagnosis was made. The board could rely on the entire record. Coming back to the question that I asked counsel, if the board's take on this was that he is currently fine, if he went out and behaved as the current diagnosis indicates that he will, but there is some suggestion that he could relapse, is it the state's position that that's still enough to find a present severe disability that would justify denial of parole on the mere risk? Because I suppose anybody, as we know from the prior case, can relapse and re-offend. Where's the line drawn? In other words, are you saying if that was the only evidence in the record? Yes, if that were the only evidence. In other words, if the board was presented with a diagnosis that says this person who was dangerous in the past and has the same underlying psychological condition but now is apparently cured of it, although there is always, or there is in his case, a risk of relapse, is the state saying that just the risk of relapse and the loan would meet the severe, under the pre-1993, severe present criteria? Technically, no. If that was the only thing in the record, I think we'd be back in that Brown situation again. And Brown was a unique case. Not only did Mr. Brown not have a diagnosis, there were, I forget the exact words, some signs of some emotional disturbance, but the psychologist of Brown also said, he's not a danger to the community. So that without more, if there wasn't anything else in the record to counterbalance that, I think the state would have a problem. It would not be the state's position that that would be enough. And the more here is? The more here is, again, as you say, the psychologist had some concerns about relapse or risk to the community. But again, the rest of the record showed, including the hearing where petitioner's victims testified and petitioner testified, petitioner was still saying, wow, I didn't realize that I hurt them so badly. Again, these were child victims, who he was very violent toward. His victim, the victim that testified, said that he beat her, assaulted her. And he said in that hearing, gosh, I don't remember any of that. And the victim said, I don't find that credible that he couldn't remember what he did to me and how he beat me. So, because the board could look at that evidence in the record, that has to be countervailing to the psychologist's concerns that, well, maybe he'll relapse, maybe he won't. That's certainly information that the board can rely on in finding that, yes, there is a present, severe emotional disturbance that could constitute a danger to the community if he was released. Now, if we were back in the Brown situation where there was not an adequate diagnosis, that means, under Widener, the board cannot look at the other evidence in the record. We really have a problem then. But if there is a diagnosis, if the psychologist says, well, I'm not so sure he's a danger or not, but the rest of the evidence in the record says, yeah, by gosh, he's gonna be a danger, the board can rely on that, and that can be sufficient to base their finding of present, severe emotional disturbance on. Well, his whole claim, his whole claim that he is not violent stems from the fact that he says that, I can't remember hitting him. That's not testifying. The physical abuse of these young children is violence. Correct. And he says, I wasn't violent because I didn't hit him. Correct. And the board can look at the nature of his crimes in making their decision as well under Widener. Certainly the board can consider the recency of the crimes, the extent of the crimes, the nature of the crimes, all of those things in making its determination. And in fact, it's bound to do that under the statute. Anything further, counsel? No. Thank you very much. The case just argued will be submitted for decision. And we will now hear argument in Taylor v. Blackheader.
judges: Ferguson, O'scannlain, Fisher